**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN SCHUMAKER,<br><br>Petitioner,<br><br>v.<br><br>WARDEN STEVIE KNIGHT, et al.,<br><br>Respondents. | Civil Action<br>No. 23-20834 (CPO)<br><br>**OPINION & ORDER** |

**O'HEARN, District Judge.**

Before the Court is Petitioner's "motion to show cause," which challenges the Court's January 2, 2024, Order to Answer, and its January 31, 2024, Order granting an extension of time to answer. (ECF No. 12.) In essence, Petitioner seeks to vacate the prior Orders, and demands an expedited answer. (*Id*. at 5.)

Petitioner contends that it was inappropriate to set thirty days as the original time to answer, or to grant a 45-day extension. (*Id*.) He relies on 28 U.S.C. § 2243, which states that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." (*Id*. at 3.).

That statute, however, is "not the only statute governing a habeas petition." *E.g.*, *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *see also Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021). Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule"), provides the Court with an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243. As Judge Cecchi explained:

> In addition to the aforementioned actions authorized by § 2243, this Court is also authorized by Rule 4 to order Respondent to file an answer. Habeas Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947). . . . Here, there is no question that Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948, if a conflict exists between the two.

*Iremashvili*, 2017 WL 935441, at *2.

Under Rule 4,[1] there are no absolute time limits, and the Rule allows the Court to consider a variety of factors in determining the appropriate deadlines. *See id.*; *see also Mouscardy v. White*, No. 20-2143, 2020 WL 5424712, at *1 (D.N.J. Sept. 10, 2020). Rule 4 also allows the Court to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Habeas Rule 4. The advisory committee discussed the interplay between Habeas Rule 4 and § 2243:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must

---

[1] Habeas Rule 4 states, in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

2

> make a return within three days after being so ordered, with additional time up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices, additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

*m*, 2017 WL 935441, at *3 (quoting Habeas Rule 4 advisory committee's note to 1976 adoption).

"In light of the conflict between § 2243's strict time requirements and Rule 4's grant of discretionary time limits, the Court finds that Rule 4, the later-enacted statute, controls." *Id.* at *4; *see also Capozzi*, 2021 WL 5881587, at *1; *Mouscardy*, 2020 WL 5424712, at *1. Consequently, "the Court is not obligated" to follow § 2243's order to show cause procedure and may instead use the alternative procedure of ordering an answer—which has discretionary time limits. *E.g.*, *Iremashvili*, 2017 WL 935441, at *4 (citing cases); *see also Capozzi*, 2021 WL 5881587, at *2. As a result, the Court will deny Petitioner's motion.  Accordingly,

IT IS, on this 29th day of February 2024,

**ORDERED** that Petitioner's motion to show cause, (ECF No. 12), is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion & Order upon Petitioner by regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn
United States District Judge**