**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN SCHUMAKER, | Civil Action |
| Petitioner, | No. 23-20834 (CPO) |
| v. | |
| WARDEN, FCI FORT DIX, | **OPINION** |
| Respondent. | |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution ("FCI") Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

## I.    BACKGROUND [1]

This case arises from Petitioner's pursuit of compassionate release and the conditions of his confinement at FCI Fort Dix. By way of background, the United States District Court for the Northern District of Georgia sentenced Petitioner to 360 months in prison and 10 years of supervised release for traveling to engage in a sexual act with a minor, using a computer to entice a minor to engage in sexual activity, and possessing child pornography. (*See United States v. Schumaker*, Crim. No. 07-00289, ECF No. 302 (N.D. Ga. 2011)).

According to Petitioner, under Ground One, Warden Stevie Knight and prison staff violated his rights under the First Step Act by failing to review or consider his request for

---

[1] The Court will accept as true the factual allegations in the Petition for the purposes of this Opinion only. The Court has made no findings as to the veracity of Petitioner's allegations.

compassionate release. (ECF No. 1-6, at 1–4.)  He alleges that in February of 2023, he requested compassionate release as an elderly inmate with medical conditions who had served more than fifty percent of his sentence. (ECF No. 1, at 2; ECF No. 2, ¶¶ 93–96.)  Petitioner never received a response from prison staff or the Warden. (ECF No. 1, at 2; ECF No. 2, ¶ 96.)  Petitioner alleges that upon receiving a request for compassionate release, the Warden was required to consider his request and then seek a report from medical staff regarding his medical conditions. (ECF No. 2, ¶ 97; ECF No. 1-6, at 1, 3–4.)  On June 3, 2023, Petitioner's doctor advised that the Warden had never submitted a compassionate release request for medical staff to review. (ECF No. 2, ¶ 97; ECF No. 1-6, at 1, 3–4.)

Next, under Ground Two, Petitioner generally alleges that prison staff engaged in discriminatory and retaliatory conduct since at least September of 2000. (ECF No. 1, at 6; ECF No. 1-6, at 6.)  In Ground Three, Petitioner argues that prison staff's failures to address his compassionate release requests constitute "deliberate indifference" and prevents his sentencing court from reviewing the Warden's "abuse of discretion."  (ECF No. 1-6, at 7–9.)  Finally, under Ground Four, Petitioner contends that due to various issues related to the medical care, facility temperature, and attorney visitation in the prison, staff inflicted cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1, at 7; ECF No. 1-6, at 10–14.)

In October of 2023, Petitioner filed the instant Petition under 28 U.S.C. § 2241, arguing that he is entitled to immediate release.[2] (ECF No. 1, at 7; ECF No. 1-6, at 21–22.) The Court ordered a limited answer on the issue of jurisdiction, Respondent filed his Limited Answer, (ECF No. 15), and Petitioner filed a Reply, (ECF No. 20.)

---

[2] As his Petition was ambiguous, the Court ordered Petitioner to clarify whether he sought only his immediate release, or other additional relief. (ECF No. 27.)  Petitioner confirmed that he only sought his immediate release. (ECF No. 31.)

## II.    STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III.    DISCUSSION

Petitioner raises four claims. Under Grounds One and Three, Petitioner claims that prison staff violated his rights by failing to review and consider his suitability of compassionate release. (*See* ECF No. 1, at 6; ECF No. 1-6, at 3–5, 7–9.) Under Grounds Two and Four, Petitioner raises claims of retaliation, denial of access to courts, and cruel and unusual punishment, regarding the conditions and circumstances of his confinement. (*See* ECF No. 1, at 6–7; ECF No. 1-6, at 5–6, 10–14.) Respondent contends that this Court lacks jurisdiction to consider any of Petitioner's claims. (ECF No. 15, at 7–13.)

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

3

§ 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003).

In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)); *see also O'Neal v. Grondolsky*, No. 09-4500, 2010 WL 1257725, at *1 (D.N.J. Mar. 26, 2010).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Stated differently, "unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the [petitioner's] favor," petitioners should bring a prison related claim through other legal avenues. *Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Petitioner's claims, however, do not directly attack the fact or duration of his incarceration.

First, under Grounds One and Three, Petitioner alleges that the Warden failed his "statutorily mandated" duty to "review and consider[]" his request for compassionate release, and that staff "failed to request the required medical report necessary [for the warden] to appropriately

4

evaluate . . . [his] suitability for . . . compassionate release." (ECF No. 1-6, at 3–4, 7–9); ECF No. 20, at 2). Petitioner contends that the Warden and prison staff have ignored his requests. (*See* ECF No. 1-6, at 3–4, 7–9); ECF No. 20, at 2.)[3]

Even assuming Petitioner's allegations were true, and that the Warden and prison staff were required to process and consider his request for compassionate release and failed to do so, a ruling in his favor in that respect, "would not alter his sentence or undo his conviction." *See Leamer*, 288 F.3d at 542. Stated differently, if the Court ordered the Warden or prison staff to process Petitioner's request for compassionate release, under the theory that he is an elderly inmate with certain medical conditions, (*see* ECF No. 1, at 6), it would not have any direct impact on his sentence or conviction.

Before any potential sentence reduction could occur, several additional steps would have to transpire *and* resolve in Petitioner's favor. First, medical staff would need to prepare a report as to Petitioner's health, and the results of that report would have to support his release. *See* Bureau of Prisons ("BOP") Program Statement 5050.50 § 4(b) (discussing the requirements for elderly inmates with medical conditions).[4] Next, the Warden would have to exercise his discretion to consider the Petitioner's request, find that he qualifies, and then request that the BOP file a motion for compassionate release. *See* 28 C.F.R. § 571.61. The BOP would then have to exercise

---

[3] The Petitioner "acknowledges and supports" the proposition that this Court would lack jurisdiction over a "failure to file a motion for compassionate release" claim, as those claims should be presented to one's sentencing court. (ECF No. 20, at 2). *See generally* 18 U.S.C. 3582(c); *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (explaining that motions for compassionate release must be addressed by the sentencing court). He emphasizes that Grounds One and Three seek to address the preliminary steps, of "review and consideration," rather than the filing of the motion for compassionate release itself. (*See* ECF No. 20, at 2.)

[4] The Program Statement can be found at: https://www.bop.gov/policy/progstat/5050_050_EN. pdf (last visited July 25, 2025).

its discretion to approve the request and file a motion for compassionate release before Petitioner's sentencing court. *See* 28 C.F.R. § 571.62. Only then would Petitioner's sentencing court have the ability consider and *potentially* reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Effectively, ordering the Warden or prison staff to process or consider his request, "carries with it only the potential for a discretionary sentence reduction . . . [or] a ticket to get in the door," it would not affect the fact or duration of his confinement. *See Beckley v. Miner*, 125 F. App'x 385, 388 (3d Cir. 2005) (quoting *Leamer*, 288 F.3d at 543). Accordingly, Grounds One and Three do not sound in habeas, and this Court lacks jurisdiction under § 2241 to consider these claims. *Leamer*, 288 F.3d at 542.

Next, Under Ground Two, Petitioner generally alleges that staff interfered with his attorney-client communications, prevented counsel from visiting on two occasions, delayed or obstructed his legal mail, and falsified or refused to process administrative remedy requests, in retaliation for filing grievances and legal actions. (ECF No. 1, at 6; ECF No. 1-6, at 5–6; ECF No. 2, ¶¶ 8–80, 100.) Under Ground Four, he generally contends that staff subjected him to cruel and unusual punishment by failing to provide him with a certain stomach acid medication, improperly caring for him after surgery, delaying follow-up medical care, and on two days in August and September of 2023, allowing parts of the prison to reach dangerously high temperatures. (ECF No. 1, at 7; ECF No. 1-6, at 10–14; ECF No. 2, ¶¶ 26–65.)

Ultimately, these are access to court, retaliation, and deliberate indifference to medical care claims that challenge the circumstances or conditions of Petitioner's confinement, and thus, cannot be raised under 28 U.S.C. § 2241. *Leamer*, 288 F.3d at 542, 544; *see, e.g.*, *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *2 (3d Cir. Aug. 23, 2023) ("[Claims] related to the conditions of the facilities or the lack of adequate medical care . . . are . . . non-cognizable"

under § 2241.); *Zakarian v. White*, No. 21-1811, 2021 WL 5632061, at *2 n.2 (3d Cir. Dec. 1, 2021) ("[R]etaliation and harassment claims were not properly raised in a § 2241."); *Roudabush v. Warden Fort DIX FCI*, 640 F. App'x 134, 135–36 (3d Cir. 2016) (concluding that retaliation claims are not cognizable under § 2241); *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding that challenges to "the adequacy of . . . medical care . . . [and] retaliatory conduct by prison officials . . . do not sound in habeas corpus"); *Brown v. Warden Lewisburg USP*, 601 F. App'x 85, 85–86 (3d Cir. 2015) (finding that claims of denial of "medical care . . . were not properly brought under § 2241"); *McCall v. Ebbert*, 384 F. App'x 55, 56 (3d Cir. 2010) (finding that "inadequate medical care and . . . access to courts" claims are "not cognizable" under § 2241); *Brooks v. Samuel*, No. 16-2386, 2021 WL 5410515, at *12 (M.D. Pa. Nov. 18, 2021) ("Petitioner's retaliation claims, . . . access to court claims and . . . medical deliberate [indifference] claims, . . . are not properly raised in a § 2241.").

Nor do these claims present an "extreme case[] where extraordinary circumstances could potentially warrant the extreme relief of outright release," like the start of the COVID-19 pandemic did to certain immigration detainees. *Kayian v. Thompson*, No. 23-21623, 2024 WL 64777, at *1 (D.N.J. Jan. 5, 2024) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)) (internal quotation marks omitted); *see also Folk*, 2023 WL 5426740, at *1–2; *Wallace v. United States*, No. 22-00662, 2023 WL 4674360, at *5 (M.D. Pa. Apr. 27, 2023), *R & R adopted*, 2023 WL 4672399 (July 20, 2023) (collecting cases). Unlike the detainees at the beginning of the COVID-19 pandemic, release from confinement is not "the only remedy to cure the [alleged] constitutional violation[s]" in this case. *See, e.g.*, *Shah v. Warden, FCI Fort Dix*, No. 22-6306, 2023 WL 7986565, at *4 (D.N.J. Nov. 17, 2023) (citing *Hope*, 972 F.3d at 324).

Petitioner could, for example, file a civil complaint and seek injunctive relief to address any ongoing issues related to his access to court, retaliation, and deliberate indifference claims. *See, e.g.*, *Lyons v. U.S. Marshals*, 840 F.2d 202, 204 (3d Cir. 1988) (discussing a federal prisoner's ability to seek "injunctive relief from conditions of confinement"); *Shah*, 2023 WL 7986565, at *4; *Kenley v. Meredino*, No. 22-5425, 2023 WL 3749952, at *2 (D.N.J. June 1, 2023); *Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *15 (D.N.J. Sept. 1, 2021). Accordingly, Grounds Two and Four do not sound in habeas, and this Court lacks jurisdiction under § 2241 to consider any of Petitioner's claims. *See Leamer*, 288 F.3d at 542.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. This dismissal is without prejudice to the filing of a civil complaint seeking injunctive relief to address any ongoing alleged issues related to Petitioner's access to court, retaliation, and deliberate indifference claims. An appropriate Order follows.


DATED:  July 29, 2025

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

8